UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY KATHERINE DAY-PETRANO,
by and through Next Friend, DAVID
PETRANO,

               Plaintiff,

v.                                 CASE NO.  8:14-CV-1287-T-17MAP

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

               Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 4    Amended Motion to Dismiss First Amended Complaint
Dkt. 12  Response
Dkt. 38  Reply

This case was removed from Pinellas County Circuit Court, Case No. 14-000133-CI.  The basis of jurisdiction is diversity.  (Dkt. 1).  Defendants attached a copy of all process, substantive pleadings, orders and discovery served in the State Court action to the Notice of Removal.  Plaintiff's First Amended Complaint includes:

Count One    Suit for Bad Faith Claim Handling and Refusal to
                To Pay Uninsured Motorist Benefits

Plaintiff's claim is related to an auto accident which took place on January 5, 2008 in Clearwater, Florida.   Plaintiff alleges that her vehicle was rear-ended at approximately 45 mph by an under-insured driver, causing Plaintiff's seat restraint to break on impact, whereby Plaintiff suffered extensive and permanent brain damage, and other

Case No. 8:14-CV-1287-T-17MAP

permanent injuries as an actual and proximate result. (Dkt. 2, p. 1).

I. Standard of Review

A.  Fed. R. Civ. P. 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.   A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

Case No. 8:14-CV-1287-T-17MAP

B. Consideration of Documents Attached to the Complaint or Incorporated

The Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Speaker v. U.S. Dept of Health and Human Services Centers for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010); SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005).

II. Discussion

A. Judicial Notice

The Court notes that one of the documents attached to the Notice of Removal is a Report and Recommendation entered in Case No. 1:12-CV-86-SPM-GRJ, David F. Petrano and Mary Katherine Day-Petrano v. Old Republic National Title Insurance Co., et al.. The Court examined the Amended Complaint in Case No. 1:12-CV-86-SPM-GRJ, Dkt. 113. In Count X, Plaintiff alleged an action for Plaintiff's damages for the accident of January 5, 2008. Plaintiff alleged that Nationwide approved Plaintiff's settlement with the tortfeasor, Antonio D'Angelo, and State Farm Mutual Automobile Insurance Company, preserving Plaintiff's rights to proceed under the Nationwide underinsured motorist Policy. Plaintiff also included allegations of bad faith. Plaintiff Day-Petrano demanded judgment for damages against Nationwide "in the sum of full tender of the $100,000 policy limits" and demanded a trial by jury. In Count XI, Plaintiff sought declaratory and injunctive relief as to Plaintiff's PIP and uninsured/underinsured

3

Case No. 8:14-CV-1287-T-17MAP

motorist claim for the alleged "second collision" on or about January 5, 2008. Plaintiff
requested a declaratory judgment against Nationwide to provide PIP and UM coverage
under the Policy independently to the "second collision" when Plaintiff's seat restraint
broke when the vehicle in which she was riding as a passenger was rear-ended on
January 5, 2008 by Antonio D'Angelo.

The Court adopted the Report and Recommendation (Dkt. 179), which
recommended dismissal with prejudice, granting dismissal of the Amended Complaint
with prejudice pursuant to Fed. R. Civ. P. 8., for failure to present a nonfrivolous
pleading after being given opportunity to do so, and in light of the futility of granting
another opportunity to amend. In the alternative, the Court found "based on the entire
record and magistrate judge's findings, that plaintiffs failed to comply with a court order
(Dkt. 74) to narrow pleadings, correct specific deficiencies, and exclude scandalous and
frivolous matter after receiving notice that failure to comply could result in dismissal,
rendering dismissal with prejudice also appropriate pursuant to Rule 41(b) for
contumacious conduct and on the court's finding that no lesser sanction will suffice in
this instance." The Court also adopted the Report and Recommendation (Dkt. 182)
imposing sanctions, with modifications. The Court found that

> Plaintiffs' conduct warrants award of attorneys' fees and also
> warrants dismissal with prejudice, pursuant to Rule 11 and
> the Court's inherent authority to authorize sanctions for
> abusive litigation practices or violations of court orders.
> ....[P]laintiffs only continued to assert frivolous claims and
> scandalous matter despite having been warned that
> dismissal with prejudice and without further notice was
> contemplated, but they added more unrelated defendants
> and more frivolous claims. The plaintiffs then also filed
> motions for sanctions against defendants that the magistrate
> judge correctly found to be devoid of merit, frivolous and
> retaliatory and vexatious in nature. Reasonable attorneys
> fees and also dismissal with prejudice are appropriate and
> necessary sanctions in this case.

4

Case No. 8:14-CV-1287-T-17MAP

The Court entered a final judgment in favor of Nationwide Mutual Fire Insurance Company, Carl Schwait, and Earl Law on March 29, 2013.

Plaintiff Mary Katharine Day-Petrano and David F. Petrano appealed the adverse judgment. The Eleventh Circuit Court of Appeals affirmed. See David F. Petrano et al. v. Old Republic National Title Insurance Company, et al., 2014 WL 5567779 (11th Cir. Nov. 4, 2014). The Eleventh Circuit Court of Appeal held that the District Court did not abuse its discretion in dismissing the plaintiffs' complaint, and did not abuse its discretion in awarding $40,000 to defendants in costs and attorney's fees as a sanction for the plaintiffs' filing of frivolous claims and motions. The Eleventh Circuit Court of Appeal explained: "The district court was entitled to find that the Petranos willfully disobeyed the court order and that the dismissal of the amended complaint was an appropriate sanction for their contumacious conduct. See Fed. R. Civ. P. 41(b); Zocaras, 465 F.3d at 483." ..."The district court plainly dismissed the complaint for the Petranos' failure to file a short and plain statement for relief, id. 8(a), and their willful disregard of a court order, id. 41(b)." The Court notes that a dismissal under Fed. R. Civ. P. 41(b) is an adjudication on the merits.

B. Defendant's Motion

Defendant Nationwide moves to dismiss the First Amended Complaint on the basis of res judicata and collateral estoppel. Defendant Nationwide argues that the previous dismissal of Plaintiff's complaint for UM benefits precludes Plaintiff from establishing a prerequisite for Plaintiff's bad faith claim.

The Court notes that, in the context of a first-party bad faith action, the underlying action between the insured and the insurer establishes two elements that must exist for the bad faith cause of action to accrue–the liability of the uninsured tortfeasor and the extent of the plaintiff's damages in the underlying accident.

Case No. 8:14-CV-1287-T-17MAP

Blanchard v. State Farm Mutual Automobile Insurance Co., 575 So.2d 1289, 1291
(Fla. 1991). The Florida Supreme Court recognized that an insured's first-party action
for insurance benefits against the insurer must necessarily be resolved favorably to the
insured before the cause of action for bad faith in settlement negotiations can
accrue...an insured's claim against an uninsured motorist carrier for failing to settle the
claim in good faith does not accrue before the conclusion of the underlying litigation for
the contractual uninsured benefits. Id. Damages in first-party bad faith actions are to
include the total amount of the claimant's damages, including any amount in excess of
the claimant's policy limits without regard to whether the damages were caused by the
insurance company. State Farm Mut. Aut. Ins. Co. v. Laforet, 658 So.2d 55, 60 (Fla.
1995). Pursuant to Sec. 627.727(10), Florida Statutes, the damages recoverable from
an uninsured motorist carrier in an action brought under s. 624.155 shall include the
total amount of the claimant's damages, including the amount in excess of the policy
limits, any interest on unpaid benefits, reasonable attorney's fees and costs and any
damages caused by a violation of a law of this state.   Both the existence of liability and
the extent of damages are elements of a statutory cause of action for bad faith.
Progressive Select Ins. Co. v. Shockley, 951 So.2d 20 (Fla. 4th DCA 2007); Vest v.
Travelers Ins. Co., 753 So.2d 1270 (Fla. 2000) ("Blanchard is properly read to mean
that the "determination of liability on the part of the uninsured tortfeasor and the extent
of the [insured's] damages" are elements of a cause of action for bad faith.").

Plaintiff, with Defendant's approval, entered into a settlement agreement with the
tortfeasor. However, Plaintiff's UM claim, which was asserted in Case 1:12-CV-86-
SPM-GRJ, was dismissed with prejudice. The dismissal was an adjudication on the
merits, and was affirmed on appeal. Plaintiff does not allege, and cannot allege, that
there was a settlement within or outside of litigation, or a determination in favor of
Plaintiff in an arbitration proceeding. Plaintiff Day-Petrano can never establish
Defendant Nationwide's liability for coverage and the extent of Plaintiff's damages owed
on the first-party insurance contract.

Case No. 8:14-CV-1287-T-17MAP

In light of the absence of a determination of the existence of Defendant's liability and the extent of Plaintiff's damages, the Court grants Defendant's Motion to Dismiss First Amended Complaint with prejudice. The Clerk of Court shall close this case. Accordingly it is

**ORDERED** that Defendant's Amended Motion to Dismiss First Amended Complaint (Dkt. **4**) is **granted**. The Clerk of Court shall terminate all pending Motions (Dkts. 39, 40, 41, 42) and close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 24th day of February, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

7