UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


MARY KATHERINE DAY-PETRANO,
by and through Next Friend, David Petrano,

       Plaintiff,

vs.                                                   Case No. 8:14-cv-01287-T-17MAP

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

In this bad faith insurance action, Plaintiff moves the Court for leave to proceed on appeal *in forma pauperis* (doc. 49). Upon consideration, I recommend Plaintiff's motion for leave to proceed on appeal *in forma pauperis* be denied because the appeal is frivolous.

Plaintiff has no absolute right to appeal *in forma pauperis*. To the contrary, her ability to appeal without prepayment of fees and costs is conditioned by 28 U.S.C. § 1915(a)(3), which provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.; see also Busch v. County of Volusia,* 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal that is plainly frivolous is not taken in good faith. *See United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997). *See generally Napier v. Preslicka,* 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001) (same); *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir.

1993) (case is frivolous for IFP purposes if, at any stage of the proceedings, it appears the plaintiff "has little or no chance of success"). In addition to good faith under § 1915(a)(3), the Federal Rules of Appellate Procedure also require a party who seeks to appeal *in forma pauperis* to submit an affidavit that demonstrates (1) an inability to pay, (2) entitlement to redress, (3) the issues on appeal. Fed. R. App. P. 24(a)).

On March 24, 2015, Plaintiff filed a notice of appeal, which appears to be challenging the Court's order dismissing her first amended complaint (doc. 46). The district judge dismissed Plaintiff's complaint because there was no legal authority upon which Plaintiff could assert her bad-faith insurance claim. In doing so, the district judge noted that two prerequisites to filing a bad-faith claim was the liability of the uninsured tortfeasor and the extent of the plaintiff's damages in the underlying accident. Plaintiff, however, could never establish these prerequisites as a court had previously dismissed Plaintiff's claims against Defendant for liability, which was affirmed on appeal. Accordingly, this Court concludes that the instant appeal is not taken in good faith, that it is plainly frivolous, and that Plaintiff has little or no chance of success.

Furthermore, although Plaintiff's affidavit of indigency demonstrates she has no ability to pay the requisite filing fee and also states she is entitled to the relief she requested, which satisfies the requirement that Plaintiff state she is entitled to redress, Plaintiff's affidavit fails to state the issues on which Plaintiff is appealing the district judge's decision. Thus, I find Plaintiff has not and cannot satisfy the requirements of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)). She is therefore ineligible to appeal *in forma pauperis* pursuant

-2-

to 28 U.S.C. § 1915(a)(3).  It is therefore

RECOMMENDED:

1.    that Plaintiff's construed motion for leave to proceed on appeal *in Forma Pauperis*  (doc. 49) be **DENIED**.

IT IS SO REPORTED at Tampa, Florida on March 26, 2015.


MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).