UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY KATHERINE DAY-PETRANO,
etc.,

        Plaintiff,

v.                                   CASE NO. 8:14-CV-1287-T-17MAP

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY.

        Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 49    Motion to Proceed IFP
Dkt. 51    Report and Recommendation
Dkt. 55    Objections

The assigned Magistrate Judge has entered a Report and Recommendation in which it is recommended that the Motion of Plaintiff Mary Katherine Day-Petrano to proceed IFP on appeal be denied.

Plaintiff Mary Katherine Day-Petrano has filed objections to the Report and Recommendation, as follows:

1. Plaintiff established the liability of Antonio D'Angelo under Florida's rear end collision presumption under Birge v. Charron, 107 So.3d 350 (Fla. 2012).

2. Plaintiff established the extent of Plaintiff's damages when Defendant Nationwide, a creditor in three bankruptcy cases, chose not to file an objection to the almost $100,000 in medical bills arising from the January 5, 2008 rear end collision.

Case No. 8:14-CV-1287-T-17MAP

    3. Plaintiff now cures the deficiency that "Plaintiff's Affidavit fails to state the issues on which Plaintiff is appealing the District Judge's decision."

I. Standard of Review

The District Court reviews de novo the portions of the Report and Recommendation or specified proposed findings to which an objection is made. The District Court may accept, reject, or modify in whole or in part the report and recommendation of a Magistrate Judge, or may receive further evidence, or may recommit the matter to the Magistrate Judge with instructions. The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper Houston v. S. Rwy. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F.Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

II. Discussion

The assigned Magistrate Judge denied Plaintiff's Motion to Proceed IFP on appeal, finding that Plaintiff's appeal is not taken in good faith, that it is plainly frivolous, and that Plaintiff has little or no chance of success.

A. Objection as to Liability of Tortfeasor

The assigned Magistrate Judge noted the determination of the undersigned that Plaintiff cannot satisfy the prerequisites to filing a bad faith claim, because Plaintiff's claim against Defendant Nationwide Mutual Insurance Company for liability under Plaintiff's UM coverage relating to the accident of January 5, 2008 was dismissed with prejudice, and the dismissal was affirmed on appeal. An insured's first-party action for insurance benefits must necessarily be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue; an insured's claim

Case No. 8:14-CV-1287-T-17MAP

against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured benefits. State Farm Mut. Aut. Ins. Co. v. Laforet, 658 So.2d 55, 60 (Fla. 1995). Both the existence of liability and the extent of damages are elements of a statutory cause of action for bad faith. Vest v. Travelers Ins. Co., 753 So.2d 1270 (Fla. 2000).

A plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness or disease arising out of the ownership, maintenance, operation, or use of the motor vehicle only in the event that the injury or disease consists in whole or in part of: 1) significant and permanent loss of an important bodily function; 2) permanent injury within a reasonably degree of medical probability, other than scarring or disfigurement; 3) significant and permanent scarring or disfigurement; 4) death. See Sec. 627.737, Fla. Stat.

The damages recoverable from an uninsured motorist carrier in a bad faith action under Sec. 624.155 include the total amount of claimant's damages, including the amount in excess of the policy limits, any interest on unpaid benefits, reasonable attorney's fees and costs, and any damages caused by a violation of a law of the State of Florida. See Sec. 627.727(10), Fla. Stat.

Plaintiff Mary Katherine Day-Petrano's claim for underinsured motorist benefits against Defendant Nationwide Mutual Fire Insurance Company relating to the accident of January 5, 2008 was dismissed with prejudice. The dismissal was affirmed on appeal. Plaintiff's UM claim against Defendant Nationwide was not dismissed with prejudice because there was a determination that tortfeasor Antonio D'Angelo was not at fault. Plaintiff's claim was dismissed with prejudice pursuant to Fed. R. Civ. P. 8, for failure to present a nonfrivolous pleading after being given the opportunity to do so, and in light of the futility of granting another opportunity to amend. In the alternative, the Court dismissed with prejudice under Fed. R. Civ. P. 41(b) for contumacious conduct

Case No. 8:14-CV-1287-T-17MAP

and on the court's finding that no lesser sanction will suffice in this instance. In adopting the Report and Recommendation (Dkt. 182) imposing sanctions, the Court found that reasonable attorney's fees and dismissal with prejudice were appropriate and necessary sanctions. Thereafter, the Eleventh Circuit Court of Appeals determined that the district court was entitled to find that the Petranos willfully disobeyed a court order and that dismissal of the amended complaint was an appropriate sanction for their contumacious conduct, citing Fed. R. Civ. P. 41(b). A dismissal under Fed. R. Civ. P. 41(b) is an adjudication on the merits. See Dkt. 46, p. 5.

The final determination of the underlying action for contractual underinsured motorist benefits was adverse to Plaintiff Mary Katherine Day-Petrano. Therefore, under Florida law, Plaintiff's bad faith claim against Defendant Nationwide did not accrue.

After consideration, the Court overrules Plaintiff's objection.

B. Plaintiff's Damages

Even if Defendant Nationwide's non-objection, as Plaintiff's creditor, to Plaintiff's medical bills of almost $100,000.00 in three bankruptcy cases, were construed to establish the extent of Plaintiff's damages, Plaintiff's claim against Defendant Nationwide for liability under UM coverage for the subject accident was previously dismissed with prejudice. Under Florida law, both the existence of liability and the extent of damages are elements of a statutory cause of action for bad faith. Since Plaintiff's claim against Defendant Nationwide was dismissed with prejudice, Plaintiff cannot establish Defendant Nationwide's liability for UM coverage.

After consideration, the Court overrules Plaintiff's objection.

Case No. 8:14-CV-1287-T-17MAP

C. Identification of Issues on Appeal

Plaintiff has attempted to correct the deficiency of Plaintiff's Notice of Appeal by specifically identifying nine issues Plaintiff intends to appeal. Plaintiff's identification of the issues does not change the fact that Plaintiff's UM claim against Nationwide for the accident of January 5, 2008 was dismissed with prejudice, that the dismissal was an adjudication on the merits, and the dismissal with prejudice was affirmed on appeal.

After consideration, the Court overrules Plaintiff's objection. The Court adopts the Report and Recommendation, and incorporates it by reference. Accordingly, it is

**ORDERED** that Plaintiff's Objections to the Report and Recommendation are **overruled**. The Report and Recommendation (Dkt. 51) is **adopted** and **incorporated**. Plaintiff's Motion to Proceed IFP on appeal (Dkt. 49) is **denied** because Plaintiff's appeal is frivolous. Plaintiff may present a motion to proceed IFP on appeal to the Eleventh Circuit Court of Appeals.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 6 day of May, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record