UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY KATHERINE DAY-
PETRANO, etc.,

      Plaintiff,

v.                                  CASE NO. 8:14-CV-1287-T-17MAP

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

      Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 47    Motion for New Trial on Newly Discovered Evidence
Dkt. 52    Response in Opposition
Dkt. 54    Motion to Take Judicial Notice

Plaintiff Mary Katherine Day-Petrano moves for a new trial on newly discovered evidence pursuant to Fed. R. Civ. P. 59(a) or Fed. R. Civ. P. 60(a). Plaintiff requests that the Court vacate its Order dismissing this case (Dkt. 46), enter a different Order granting a new trial and/or relief reinstating this case, enlarge and amend the facts, appoint a guardian ad litem and counsel for Plaintiff, grant relief for Defendant's alleged disobedience of the Court's initial Rule 26 disclosure Orders and the case management report (Dkt. 24).

Defendant Nationwide Mutual Fire Insurance Company opposes Plaintiff's Motion. Defendant Nationwide argues that Plaintiff's Motion or New Trial is a dilatory tactic meant to needlessly delay this case and increase defense costs for Defendants. Defendant argues that Plaintiff has repackaged previously asserted claims as "newly discovered evidence" when no such evidence exists. Defendant Nationwide argues that Plaintiff cannot meet the requirements to obtain relief based on newly discovered

Case No. 8:14-CV-1287-T-17MAP

evidence. In order to be entitled to relief from a judgment based on newly discovered evidence, a movant must demonstrate that: 1) the evidence is newly discovered since the judgment was entered; 2) due diligence on the part of the movant to discover the new evidence has been exercise; 3) the evidence is not merely cumulative or impeaching; 4) the evidence is material; and 5) the evidence is such that it is likely to produce a new outcome if the case were retried...." Taylor v. Texgas Corp., 831 F.2d 255, 259 (11th Cir. 1987); Scutieri v. Page, 808 F.2d 785, 793 (11th Cir. 1987). Defendant Nationwide moves the Court to enter an Order denying Plaintiff's Motion for New Trial and other appropriate relief.

I. Background

The Court granted Defendant's Amended Motion to Dismiss First Amended Complaint with prejudice (Dkt. 46). The Court determined that Plaintiff's claim for UM benefits in connection with the accident of January 5, 2008 was dismissed with prejudice by another Court, and the dismissal with prejudice was affirmed on appeal. The Court further found that, because Plaintiff's claim for UM benefits was dismissed with prejudice, Plaintiff's bad faith claim could not succeed. The Court therefore dismissed this case with prejudice. The Order of dismissal was entered on February 24, 2015. No separate final judgment was entered. Plaintiff's Motion was filed on March 24, 2015.

II. Discussion

A. Preliminary Issues

Plaintiff argues that Plaintiff was unfairly made the victim of surprise when she was stripped of her counsel the day before this Court entered its order dismissing her case without appointing a guardian ad litem and counsel. Plaintiff further argues that

Case No. 8:14-CV-1287-T-17MAP

Plaintiff was never served with the Court's dismissal Order, and is not receiving service of any of the pleadings, notices, or orders in this case. Plaintiff further argues that Plaintiff is not able to effectively communicate with counsel due to her catastrophic traumatic brain injury aggravating her severe autism. Plaintiff further argues that Defendant Nationwide has engaged in fraud.

Plaintiff commenced this case in Pinellas County Circuit Court on April 20, 2014, by and through Plaintiff's next friend, David Petrano. After service on May 2, 2014, Defendant Nationwide removed this case from Pinellas County Circuit Court on May 30, 2014. David Petrano, a member of the Florida Bar, is on the docket as Plaintiff's representative. David Petrano's email address and Plaintiff's email address are included in the certificate of service. David Petrano's Notice of Interim Probation is included in the record (Dkt. 3). Thereafter, in June, July, August, and September, 2014, David Petrano filed motions, responses to motions, and notices on behalf of Plaintiff. On October 9, 2014, David Petrano filed a Notice of Suspension from the practice of law for 91 days (Dkt. 34). The Notice is dated September 9, 2014, and is effective thirty days from the date of the Notice. David Petrano filed a Petition to Stay Automatic Suspension in the Ocala Division of the Middle District of Florida, which was denied on February 22, 2015 (Dkt. 47, p. 58 - Dkt. 47-1, p. 13), at which time David Petrano was suspended from the Bar of the United States District Court for the Middle District of Florida. David Petrano filed Motions on December 14, 2014 (Dkt. 39) and December 15, 2014 (Dkt. 40). Thereafter, David Petrano filed additional Motions on January 14, 2015 and January 18, 2015 (Dkts. 42,43).

The Court ruled on the pending Motions in February, 2015; the Motions had previously been fully briefed. Plaintiff, proceeding pro se, filed Plaintiff's Motion for New Trial, a Notice of Appeal, a Motion to Proceed IFP on appeal, additional Motions, and an Objection to the Report and Recommendation, (Dkts. 47, 48, 49, 53, 54, 55). Plaintiff did not request the appointment of a next friend or guardian ad litem on her

Case No. 8:14-CV-1287-T-17MAP

behalf, nor did Plaintiff file any notice advising that Plaintiff was proceeding pro se, and providing Plaintiff's address for service. Plaintiff has filed documents which state that Plaintiff has passed the California Bar and has worked as a law clerk. (Dkt. 47, pp. 25-27). Plaintiff has filed a favorable decision awarding Plaintiff Supplemental Security Income benefits dated March 10, 2010. On December 23, 2014, in Case No. 1:12-CV-97-MP/CAS (Dkt. 47, pp. 48-52), the Court denied Plaintiff's Motion To allow David Petrano to serve as Plaintiff's next friend, and found that Plaintiff was adequately representing herself. The Court notes that Plaintiff has filed a document which states:

> "The Petranos' well-established history as vexatious litigants has been documented elsewhere. See Petrano v. Nationwide Mut. Fire Ins. Co., No. 1:12-cv-86-SPM-GRJ, 2013 WL 1325201 at *7 (N.D. Fla. Feb. 4, 2013(Jones, Mag. J.)(noting, in R&R, "[the Petranos'] history of frivolous land abusive litigation in the state of Florida is long indeed, and [they] have received repeated warnings for their behavior"), R&R adopted sub nom. Petrano v. Old Republic Nat. Title Ins. Co., 2013 WL 1325030 (N.D. Fla. Mar. 27, 2013), aff'd, –F. Appx.–, 2014 WL 5567779 (11th Cir. Nov. 4, 2014). Late last year, the same months the FSC directed its clerk of court to reject Mr. Petrano's filings unless signed by another lawyer, the Eleventh Circuit affirmed an award of $40,316 in sanctions against the Petranos for frivolous filings and retaliatory and vexatious litigation conduct. Petrano v. Old Republic Nat. Title Ins. Co., —F. Appx.—, 2014 WL 5567779 (11th Cir. Nov. 4, 2014).

(Dkt. 47-1, p. 10).

The Court is required to construe documents filed pro se liberally. Plaintiff is not a stranger to litigation, by education and experience. Plaintiff has filed motions seeking relief, has filed a Notice of Appeal, and has responded to the pending Report and Recommendation. Plaintiff has not been prejudiced by her decision to proceed pro se, and the Court will direct the Clerk of Court to add Plaintiff's address to the docket for service of this Order and future documents. Pro se litigants are subject to the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida. The Court directs Plaintiff to comply with those Rules and the Court's orders.

Case No. 8:14-CV-1287-T-17MAP

B. Rule 59 Motion; Rule 60 Motion

Whether a motion for post-judgment relief can be categorized as a Rule 59 motion is not determined by how the movant labels the motion. The Court independently determines whether Plaintiff's Motion is brought under Fed. R. Civ. P. 59 or Fed. R. Civ. P. 60. The rules afford different types of relief, and a motion is characterized as either a Rule 59 motion or a Rule 60 motion depending on the type of relief requested. There is some overlap between Rule 59 and Rule 60. A timely and proper Rule 59 motion suspends a judgment's finality and tolls the running of the time for taking an appeal. A Rule 60 motion does not affect the finality of a judgment or suspend its operation for purposes of appeal. Burnam v. Amoco Container Co., 738 F.2d 1230 (11th Cir. 1984).

"Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits." See Wright v. Preferred Research, Inc., 891 F.2d 886, 888 (11th Cir. 1990). Pursuant to Fed. R. Civ. P. 59(e), a motion to alter or amend judgment must be filed no later than 28 days after entry of the judgment. A notice of appeal filed within thirty days of the disposition of a Rule 59 motion is timely.

Plaintiff seeks a new trial because:

1) Plaintiff inadvertently omitted records of two prior cases in Pinellas County Circuit Court from the record, Case No. 06-8593-CI and Case No. 08-015758-CI;

2) the Court omitted relevant facts and did not explain how the Court reached its conclusion;

5

Case No. 8:14-CV-1287-T-17MAP

    3) Plaintiff is incompetent and not adequately represented;

    4) according to Plaintiff, there was a motion for appointment of a guardian ad litem and counsel pending at the time the Court ruled on the pending motions;

    5) based on inadequate representation in the prior case, Case No. 1:12-CV-86-SPM/GRJ, and Plaintiff was not competent to represent herself in that case;

    6) on the basis of newly discovered evidence involving catastrophic brain injury.

    After consideration, the Court finds that Plaintiff's Motion is a Rule 60 Motion rather than a Rule 59 Motion. Plaintiff's Motion does not directly challenge the substance of the Court's decision but asserts various collateral issues.

    The Court notes that two additional prior cases relate to an accident which took place on October 18, 2004. (Dkt. 47, pp. 25-27). The accident at issue took place on January 5, 2008.

    The Court explained the basis for its decision in the Order (Dkt. 46).

    The Court has determined that Plaintiff has shown sufficient competence to represent herself, given Plaintiff's education and experience.

    The pending motions were fully briefed at the time the Court ruled on them; there was no pending motion for appointment of a guardian ad litem or counsel.

    Any motion directed to inadequate representation in the prior case would have to be adjudicated by the presiding judge in that case.

Case No. 8:14-CV-1287-T-17MAP

Plaintiff's evidence of catastrophic brain injury does not change the fact that Plaintiff's claim for UM benefits was dismissed with prejudice as a sanction, the dismissal was an adjudication on the merits, and the dismissal was affirmed on appeal.

The Court concludes that there is no newly discovered evidence which would justify alteration of the Court's prior Order or granting relief from the Order dismissing Plaintiff's claim with prejudice.  After consideration, the Court denies Plaintiff's Motion for New Trial.  Accordingly, it is

**ORDERED** that Plaintiff's Motion for New Trial (Dkt. 47) is **denied**.  Plaintiff's Motion for Judicial Notice (Dkt. 54) is **granted**.  It is further

**ORDERED** that the Clerk of Court shall add pro se Plaintiff's address to the docket for service of this Order and future filings:

Mary Katherine Day-Petrano
11502 SE US Hwy. 301
Hawthorne, FL  32640
Email: ponyhunterjumper@yahoo.com

David Petrano is no longer representing Plaintiff, and should be terminated from the docket.

Case No. 8:14-CV-1287-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 6th day of May, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record