UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY KATHERINE DAY-PETRANO,
etc.,

               Plaintiff,

v.                                         CASE NO.  8:14-CV-1287-T-17MAP

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

               Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 59    Motion for Reconsideration

Plaintiff Mary Katherine Day-Petrano moves for reconsideration of the Court's Orders (Dkts. 57, 58).  Plaintiff Day-Petrano has provided a video and other records in support of Plaintiff's request for reconsideration.

I.  Standard of Review

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689,

Case No. 8:14-CV-1287-T-17MAP

694 (M.D. Fla. 1994).  See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189
F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to
simply reargue, or argue for the first time, an issue the Court has once determined.
Court opinions are "not intended as mere first drafts, subject to revision and
reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,
123 F.R.D. 282, 288 (N.D. Ill. 1988).  The reconsideration of a previous order is an
"extraordinary remedy" and "must set forth facts or law of a strongly convincing nature
to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co.,
2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D. Fla. 1999)).

## II. Discussion

Plaintiff Day-Petrano requests that the Order denying Plaintiff's request to
proceed IFP on appeal be set aside, and renews Plaintiff's request to proceed IFP on
appeal.  Plaintiff contends that Plaintiff was prejudiced by having been left without
counsel on the day before the Court entered the order dismissing Plaintiff's case.

The Court has viewed the video, and considered the supporting documents.  The
video appears to be an exchange between Plaintiff Mary Katherine Day Petrano and
David Petrano, and to be concerned with cases before Chief United States Bankruptcy
Judge Karen Specie, Northern District of Florida,  in 2013 and 2014.  The Court has
attached a list of those cases and a description of what was said in the video.

The Court notes only that, in other cases, Plaintiff Day-Petrano has raised the
issue of Plaintiff's disability after unfavorable rulings.  (Case No. 8:14-bk-1368-CPM,
Dkts. 197, 198).

Case No. 8:14-CV-1287-T-17MAP


Plaintiff has not raised any meritorious issue that suggests the possibility that Plaintiff could prevail on appeal.  The Court views Plaintiff's appeal as frivolous, without any possibility that Plaintiff could prevail on appeal.   The Court therefore denies Plaintiff's Motion for Reconsideration.  Accordingly, it is


**ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. 59) is **denied**. Plaintiff Day-Petrano may seek leave to appeal IFP in the Eleventh Circuit Court of Appeals.


**DONE and ORDERED** in Chambers in Tampa, Florida on this _24th_ day of June, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record